**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(609) 989-0508

CHAMBERS OF
PETER G. SHERIDAN
JUDGE

Clarkson Fisher Federal Building
402 East State Street
Trenton, NJ 08608

TO: All Counsel of Record

FROM: Peter G. Sheridan, U.S.D.J. *PGS*

DATE: September 14, 2009

RE: Raetsch v. Lucent Technologies
Civil Action 05-5134 (PGS)

---

On Saturday, September 12, 2009 my daughter Katherine interviewed for a summer associate position at Proskauer Rose, LLP. I received correspondence on September 14, 2009 from Howard Shapiro of Proskauer.

Prior to his letter, I had reviewed whether I should recuse myself from cases due to my children's employment in a firm. The Code of Conduct for United States Judges (Canon 3C(d)(1)) does not require recusal in this instance. It states in part:

> C. Disqualification
>
> (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might be reasonably questioned, including but not limited to instances in which:
>
> * * *
>
> (d) The judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>
> (ii) Is acting as a lawyer in the proceeding;
>
> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>
> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

In this case, Katherine is not a party, a lawyer in the proceeding, or a material witness; and she has no interest in the outcome. Accordingly, disqualification is not mandated. In addition, I discussed recusal with the Administrative Office of the Courts which confirmed that recusal is not necessary under the present circumstances (see memo attached).

Please contact me if you disagree with my decision not to recuse myself.

| | | |
|---|---|---|
| Robert Deyling/DCA/AO/USCOURTS | To | Judge Peter Sheridan/NJD/03/USCOURTS@USCOURTS |
| | cc | |
| 05/21/2009 10:15 AM | bcc | |
| | Subject | recusal and summer law firm employment |

Judge Sheridan,

Here are the items to review. As we discussed, your sons summer employment should not require your recusal, except in matters that involve your son's work at the firm.

See Compendium of Selected Opinions at:

§ 3.2-5 Relative Is an Associate or Other Employee

(a) Where a judge's child is employed by a law firm in a salaried position (e.g., clerical, paralegal, associate), this fact by itself is not sufficient to raise a reasonable question regarding the judge's impartiality in cases in which the law firm appears. However, a reasonable question as to impartiality would be raised if the child actually worked on the matter before the judge or if the matter otherwise involved the child's duties. In addition, other circumstances could combine to raise a reasonable question as to impartiality. The more responsible the position with the firm which the child holds, the greater likelihood that a reasonable question as to impartiality will be raised. Similar considerations apply where a judge's spouse is employed by a law firm.

AND:

Advisory Opinion No. 58 (disqualification in case where relative is employed by a participating law firm).

If you have further questions, let me know.

Bob Deyling

Adv_Oprion58.mht

---

Robert Deyling
Assistant General Counsel
Administrative Office of the U.S. Courts
202-502-1858

**The Guide - Volume 2**  Back to Graphical Site
    **CHAPTER 4: COMMITTEE ON CODES OF CONDUCT**
    **Advisory Opinion No. 58**

**Disqualification in a Case in Which a Relative is Employed by a Participating Law Firm.**

Often questions arise regarding recusal of a judge resulting from employment or offers of employment by a lawyer or law firm to a relative of the judge. In most instances, the relative is the child of the judge. This opinion, however, applies more broadly to all relatives within the third degree of relationship to both the judge and the judge's spouse as defined in Canon 3C(3)(a) of the Code of Conduct for United States Judges (the Code).

The Committee has reached the following conclusions. If the relative participates in the representation of a party in a case before the judge or is an equity partner in a law firm which represents a party, the judge must recuse. Canon 3C(1)(d)(ii) and (iii) of the Code provide:

> (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
>
> * * *
>
> (d) the judge or the judge's spouse, or a person related to either within the third degree of relationship, or the spouse of such person:
>
> * * *
>
> (ii) is acting as a lawyer in the proceeding;
>
> (iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding.

The Committee concludes that an equity partner in a law firm generally has "an interest that could be substantially affected by the outcome of the proceeding" in all cases where the law firm represents a party before the court.

The typical and more difficult situation arises when the relative is employed by the firm as either an associate or non-equity partner. For the purposes of this opinion, a non-equity partner is understood as one who receives a fixed salary, is not entitled to share in the firm's profits, and has no interest in the firm's client list or goodwill. If the relative is an associate or non-equity partner and has not participated in the preparation or presentation of the case before the judge, and the relative's compensation is in no manner dependent upon the result of the particular case before the judge, recusal is not mandated. The judge, however, always must be mindful of Canon 2A which directs that a judge should act at all times in a manner that "promotes public confidence in the integrity and impartiality of the judiciary," as well as the general command of Canon 3C(1) that a judge should recuse in a proceeding in which the "judge's impartiality might reasonably be questioned." Accordingly, although recusal may not be prescribed under the facts articulated above, other circumstances may arise which in combination with the relative's status as an associate or non-equity partner could raise a

question about the judge's impartiality and thereby warrant recusal.

As a cautionary note, the Committee further observes that the remittal procedures of Canon 3D are not available if the judge's relative is acting as a lawyer in the case or is a partner in the law firm representing a party before the court. Recusal is absolute. As discussed herein, recusal is not mandated if the firm representing a party before the court employs a judge's relative as an associate or non-equity partner and the relative has no involvement in the case. If a judge is concerned, nonetheless, that his or her impartiality might reasonably be questioned in these circumstances, the judge may invoke the remittal procedures of Canon 3D.

August 9, 1978
Revised July 10, 1998

Trans 25 vol 2
05/31/05